UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RECEIVED
LONG ISLAND CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

JUL 22 2004

-------------------------------------------------------

DEBORAH FUSCO as parent and guardian
of JUSTIN FUSCO

Plaintiff,

-against-

FIRST CREDIT SERVICES, INC.

Defendant.

-------------------------------------------------------

CV-04 3123

PLATT, J.
BOYLE, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1.   Plaintiff seeks redress for the illegal practices of First Credit Services, Inc.

concerning the collection of debts, in violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.   Plaintiff is a citizen of the State of New York who resided within this District at

the time of the receipt of the collection letters at issue.

3.   Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the

FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a

consumer debt, purportedly owed to North Shore Fitness.

4.   Upon information and belief, defendant is a New Jersey corporation.

5.   Defendant is regularly engaged, for profit, in the collection of debts allegedly

owed by consumers.

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

1

*Jurisdiction and Venue*

7.   This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28

U.S.C. § 1331.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

transactions that give rise to this action occurred, in substantial part, in this

district. Venue is also proper in this district since the defendant transacts business

in this district and the collection letters were sent into this district.

*Allegations Particular to Deborah Fusco*

9.   On information and belief, on a date better known by defendant, defendant began

attempting to collect an alleged consumer debt from the plaintiff.

10.   On or about January 15, 2004 defendant sent to the plaintiff an initial collection

letter seeking to collect an alleged balance incurred for personal purposes.

11.   Defendant sent an additional February 13, 2004 letter to the plaintiff prior to the

expiration of the initial thirty day period for dispute and verification of the debt.

12.   Said letter states in pertinent part as follows: "We must therefore assume that you

have no intention of amicably resolving this matter and accordingly, demand that

you promptly remit payment in full. . .  Your immediate attention to this matter

will prevent this office from escalating its collection efforts against this debt.

13.   Said language contradicts the plaintiff's rights pursuant to  15 U.S.C. § 1692g

14.   Said language contains false threats and deceptive representations in violation of

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

2

15.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if set forth fully in this Cause of Action.

16.   This count is brought on behalf of plaintiff and the members of a class.

17.   The Class consists of consumers who received the same form letter, as did the plaintiff.

18.   The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about February 13, 2004 sent within thirty days of the initial communication and sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. § 1692e(5), 1692e(10)  and 1692g.

19.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by using deceptive, falsely threatening and contradictory language.

3

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

20.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

22.    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

23.    The defendant's actions violate the Fair Debt Collection Practices Act.

4

24.    Because the defendant violated of the Fair Debt Collection Practices Act, the

plaintiff and the members of the class are entitled to damages in accordance with the

Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on

behalf of the members of the class, and against the defendant and award damages as follows:

       (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

       (b)    Attorney fees, litigation expenses and costs incurred in bringing

            this action; and

       (c)    Any other relief that this Court deems appropriate and just under

            the circumstances.


         Dated: Woodmere, New York
              July 20, 2004

                _____
                Adam J. Fishbein  (AF-9508)
                Attorney At Law
                **Attorney for the Plaintiff**
                735 Central Avenue
                Woodmere, New York 11598
                Telephone (516) 791-4400
                Facsimile (516) 791-4411


Plaintiff requests trial by jury.

                _____
                Adam J. Fishbein  (AF-9508)

5

*January 15, 2004*

# *First Credit Services, Inc.*

One Woodbridge Center, Suite 410
Woodbridge, NJ 07095-1304

*Personal & Confidential*

ADDRESS SERVICE REQUESTED

#BWNJHBY
#FCNYZENA000880# * F1

ᴵᵘᵈᴵᴵᵘᵘᴵᴵᵈᴵᵈᴵᴵᵈᴵᴵᵘᵘᴵᴵᵈᴵᵘᴵᴵᵃᴵᴵᵈᴵᴵᵘᴵᴵᴵ
JUSTIN FUSCO
2347 VOLANTE PL
WESTBURY, NY 11590-6009

| | | | $ _____ |
|---|---|---|---|
| | | | |

Card Number ___ - _____ - ___ - ___

Signature _____ / ___ Exp. Date
Account :      555561
Creditor:     North Shore Fitness-East Meadow
Balance:      $616.00        Social:

Mail to:
F C S  INC.
ONE WOODBRIDGE CENTER, SUITE 410
WOODBRIDGE,  NJ 07095-1304

ᴵᴵᴵᵘᴵᴵᵘᴵᴵᴵᵘᴵᴵᵃᴵᴵᵘᴵᴵᴵᵘᴵᴵᵈᴵᴵᴵᵈᴵᵘᴵᴵᵈᴵᴵᴵᴵᵈᴵᵘᴵᴵᵈᴵ

---

Detach on line & Return Top Portion With Your Payment

| Creditor: | North Shore Fitness-East Meadow |
|---|---|
| Account: | 555561 |
| **Balance Due:** | **$616.00** |

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Dear Justin Fusco:

Your account listed above has been assigned to us for collections.  You may not have neglected this obligation, but it is past due and needs your prompt attention.

North Shore Fitness-East Meadow was good enough to provide you with the service or product you needed. They deserve the same courtesy.  Please resolve this matter so that we can take your account out of collections.

> 1 - **Remit Payment In Full To This Office.**  Make payment payable to First Credit Service and use the return envelope enclosed.
>
> 2 - **Pay Your Account By Credit Card.**  It's a simple and convenient way to get this bill paid and out of collections immediately.
>
> 3 - **Use Our Check By Phone Service.**  We can automatically process your payment by phone through your checking account.

Sincerely,                                                                                                                    F1

F C S, Inc.
(732) 726-5692

This is an attempt to collect a debt, and any information obtained will be used for that purpose.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

### See Important Information On Back

**F C S, Inc.**

## One Woodbridge Center, Suite 410 ✦ Woodbridge, NJ 07095-1304
### (732)-726-5692 ✦ Fax: (732)-726-6490

February 13, 2004

# First Credit Services

One Woodbridge Center, Suite 410
Woodbridge, NJ 07095-1304

*Personal & Confidential*

ADDRESS SERVICE REQUESTED

#BWNJHBY
#FCNYYCND0004B9# * C9

JUSTIN FUSCO
2347 VOLANTE PL
WESTBURY NY 11590-6009

$ _____

Card Number  ___ - ___ - ___ - ___

Signature: _____   Exp. Date ___/___

Account:   555561
Client:    North Shore Fitness-East Meadow
Balance:   $616.00                    Social: _____

Mail to:
FIRST CREDIT SERVICES
ONE WOODBRIDGE CENTER, SUITE 410
WOODBRIDGE NJ 07095-1304

---

Detach on line & Return Top Portion With Your Payment

| | |
|---|---|
| Account: | 555561 |
| Balance Due : | $616.00 |
| Client: | North Shore Fitness-East Meadow |

Dear Justin Fusco:

You have not responded to our initial communication in which we advised you that you are indebted to our client for the above amount. We must therefore assume that you have no intention of amicably resolving this matter and accordingly, demand that you promptly remit payment in full. Remit payment by check by phone, credit card or call our office to discuss.

Your immediate attention to this matter will prevent this office from escalating its collection efforts against this debt.

Sincerely,                                                                                          C9

First Credit Services
(732) 726-5692

This communication is from a debt collector.
This is an attempt to collect a debt, and any information obtained will be used for that purpose.

New York City Department of Consumer Affairs License Number 0903595.

## First Credit Services
One Woodbridge Center, Suite 410 ♦ Woodbridge, NJ 07095-1304
(732)-726-5692 ♦ Fax: (732)-726-6490